IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN PABLO CHAVEZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:18-cv-02781-N (BT) |
| | § | |
| SCOTT RUDES, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Juan Pablo Chavez's Rule 60(b) motion seeking relief from judgment. (ECF No. 48). For the reasons stated, the Court should deny Chavez's motion.

I.

Chavez filed a *pro se* complaint under 42 U.S.C. § 1983, which was received in this Court on October 18, 2018. Compl. (ECF No. 2). Chavez amended his complaint on November 19, 2018, Am. Compl. (ECF No. 5), on February 1, 2019, 2nd Am. Compl. (ECF No. 15), and on April 11, 2019, 3rd Am. Compl. (ECF No. 21). On July 25, 2019, the Court sent Chavez a Magistrate Judge's Questionnaire seeking information regarding his claims. He filed his responses to the Questionnaire on November 17, 2019. Succinctly stated, the Court interpreted his pleadings as attempting to sue the principal at Booker T. Washington High School for the Performing and Visual Arts, Scott M. Rudes, and others for civil rights violations under 42 U.S.C. § 1983, as well as violations of 18 U.S.C. § 1584, the

1

federal RICO statute, and the Hobbs Act. Chavez also attempted to assert state law claims for fraud, assault and battery, and defamation.

On December 26, 2019, the undersigned United States magistrate judge issued findings and conclusions with a recommendation that Chavez's complaint be summarily dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and his request for leave to amend be denied. FCR (ECF No. 33). Chavez filed objections. Obj. (ECF No. 41). On July 27, 2020, the District Court overruled his objections, accepted the magistrate judge's findings and conclusions, and entered judgment. Order (ECF No. 46); J. (ECF No. 47). Thereafter, on December 25, 2020, Chavez filed his Rule 60(b) motion. Mot. (ECF No. 48).

## II.

A motion seeking reconsideration of a prior ruling is evaluated either as (i) a motion to alter or amend a judgment under Rule 59(e), or (ii) as a motion for relief from a final judgment, order, or proceeding or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the Court treats the motion as though it was filed under Rule 59; and if the movant filed the motion twenty-eight days after the entry of judgment, the Court analyzes it under Rule 60(b). *Id.* Here, Chavez filed his motion on December 25, 2020—almost *five* months after the Court entered its judgment on July 27, 2020. Therefore, the Court considers the motion under Rule 60(b).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief, and the determination whether that burden has been met rests within the court's discretion. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 n. 14 (5th Cir. 1994) (en banc).

III.

As a threshold matter, Chavez's motion should be denied because it is an impermissible substitute for an appeal. Chavez claims that the Court erred in overlooking controlling authority and was "inadvertent to factual matters" (ECF

3

No. 48 at 2). He also objects that "[a] dismissal with prejudice here is Draconian and justice requires relief from the judgment." (*Id.* at 1.) Such alleged mistakes by the Court would be considered legal errors and should have been raised on direct appeal. However, Chavez failed to appeal to the Fifth Circuit Court of Appeals.

Chavez's motion should also be denied as untimely because it was not filed within a reasonable time. Pursuant to Rule 60(c)(1), a motion under Rule 60(b) must be made within a reasonable time, or good cause must be demonstrated for the delay.[1] *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). Timeliness is assessed when the moving party has a basis to make such a motion, not the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When a moving party fails to appeal, and the grounds for relief were known within the time to file an appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the

---

[1] All motions under Rule 60(b) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). However, Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

4

'reasonable time' contemplated by Rule 60[ (c) ]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). The time for filing a notice of appeal is thirty days after the entry of judgment. Fed. R. App. P. 4(a)(1). Rule 60(b) should not be allowed to operate as an end run around appeal time limits. *Pryor*, 769 F.2d at 288.

The Court entered judgment in this case on July 27, 2020. J. (ECF No. 47). Chavez's filed his Rule 60(b) motion almost five months after entry of judgment, on December 25, 2020. Mot. (ECF No. 48). This is not within a reasonable time, and Chavez has not shown good cause for the long delay. Chavez vaguely claims that the Court overlooked controlling decisions and was "inadvertent to factual matters." (*Id.* at 2.) But the grounds for the Court's decision were known to him on July 27, 2020, when the Court entered its order of acceptance and judgment. As noted, Chavez did not appeal this Court's ruling.

Even if Chavez's motion were appropriate and timely, it should still be denied on the merits because Chavez has failed to establish he is entitled to Rule 60(b) relief. Chavez moves for relief under Rule 60(b)(1)-(b)(3), (b)(5), and (b)(6). With respect to Rule 60(b)(1), Chavez asserts the Court acted with excusable neglect in overlooking controlling authority, being "inadvertent to factual matters," and refusing to allow him another opportunity to further amend his complaint. (ECF No. 48 at 2; ECF No. 30 at 1.) His arguments suggest the Court committed legal error. Any such error should have been appealed to the Fifth Circuit. Further, as the magistrate judge pointed out in her findings and conclusions, and the Court ultimately found, Chavez filed three amended

5

complaints and supplemented his claims by filing several responses to the Magistrate Judge's Questionnaire. Because he had already pleaded his "best case," he was not entitled to another opportunity to amend. FCR 12 (ECF No. 33); Order (ECF No. 46).

As to Rule 60(b)(2), Chavez argues that he has newly discovered evidence in the form of testimony from an "innocent-non-party Rodriguez," who allegedly would state that "[Rodriguez] never told the hand-breaking officers that JOHNNY ARCO was a stage name, or made any mention of that brand or it's work to Rudes or his state actors." (ECF No. 48 at 2.) However, Chavez does not state when, or explain how, he obtained this evidence. He also fails to show, and the Court fails to see, how this evidence is material to his case.

Next, under Rule 60(b)(3), Chavez argues that the Northern District of Texas Clerk's Office fraudulently changed the filing date on his motion for an extension of time to file objections to the magistrate judge's findings, conclusions, and recommendation (ECF No. 45). The Court's official docket reflects that this filing was received on June 25, 2020, but Chavez claims it was filed on July 25, 2020. Chavez's argument is without merit. Chavez dated his motion directly below his signature on "6/21/2020," and the envelope in which the motion was delivered to the Court is postmarked "Jun 22 2020." (*Id.*)

Finally, Chavez cursorily asserts the Court should grant relief under Rule 60(b)(5) and 60(b)(6). He does not elaborate on any reasons why relief is appropriate under either of these provisions, and the Court declines his invitation

6

to "take it's time time [sic] and consider providing relief for any other reason." (ECF No. 48 at 3). Chavez has not shown that he is entitled to relief from this Court's judgment.

## RECOMMENDATION

The Court should DENY Chavez's Rule 60(b) motion (ECF No. 48).

**SO RECOMMENDED**.

January 22, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).